# EXHIBIT "A"

State Court of Fulton County
**E-FILED**
16EV004152
9/9/2016 1:15:21 AM
LeNora Ponzo, Clerk
Civil Division

GEORGIA, FULTON COUNTY                              DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**        CIVIL ACTION FILE NO. _____
**Civil Division**

_Erick Buke, et al._
_4015 Satellite Blvd, #604_
_Duluth, GA 30096_

Plaintiff's Name, Address, City, State, Zip Code

v

_Milestone Management TRS, LLC_
_c/o CT Corporation System_
_1201 Peachtree Street, NE_
_Atlanta, Georgia 30361_

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [X] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| | *********** |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: _Peggy L. Brown, Esq._

Address: _P.O. Box 1206_

City, State, Zip Code: _Lawrenceville, GA 30046_          Phone No.: _678-225-0091_

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 185 Central Ave., S.W., Room TG100,  Atlanta, GA 30303.

This _9/9/2016 1:15:21 AM_ _____                    Cicely Barber, Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer.  Such paragraphs not denied will be taken as true.  If the plaintiff's petition is sworn, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

**SERVICE INFORMATION:**

Served , this _____ day of _____, 20_____.    _____

                                                                          DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.   _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED
16EV004152
9/9/2016 1:15:21 AM
LeNora Ponzo, Clerk
Civil Division

GEORGIA, FULTON COUNTY                                    DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**                CIVIL ACTION FILE NO. _____
Civil Division

Erick Buke, et al.
4015 Satellite Blvd, #604
Duluth, GA 30096

Plaintiff's Name, Address, City, State, Zip Code

                              v

Landmark at Bella Vista, L.P.
c/o CT Corporation System
1201 Peachtree Street, NE
Atlanta, Georgia 30361

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [X] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| | *********** |
| [X] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Peggy L. Brown, Esq.
Address: P.O. Box 1206
City, State, Zip Code: Lawrenceville, GA 30046          Phone No.: 678-225-0091

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 185 Central Ave., S.W., Room TG100, Atlanta, GA 30303.

9/9/2016 1:15:21 AM
This _____                    Cicely Barber, Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs not denied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

### SERVICE INFORMATION:

Served , this _____ day of _____, 20_____. _____

                                                          DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____. _____
                                                                                    Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
16EV004152
9/9/2016 1:15:21 AM
LeNora Ponzo, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

| | |
|---|---|
| ERICK BUKE AND MICHA TUVENGANA)<br>AS THE PARENTS OF PRECIEUX BUKE )<br>BASULAMA, DECEASED MINOR, AND )<br>ERICK BUKE AS THE ADMINISTRATOR )<br>OF THE ESTATE OF PRECIEUX BUKE )<br>BASULAMA )<br>)<br>)<br>Plaintiffs, )<br>)<br>)<br>VS. )<br>)<br>MILESTONE MANAGEMENT TRS, LLC )<br>AND LANDMARK AT BELLA VISTA, )<br>L.P. )<br>)<br>Defendants. )<br>)<br>)<br>_____) | CIVIL ACTION NO.<br><br>_____<br><br><br>ACTION FOR WRONGFUL DEATH |

**COMPLAINT FOR WRONGFUL DEATH**

COMES NOW ERICK BUKE and MICHA TUVENGANA, parents of PRECIEUX

BUKE BASULAMA, deceased minor, and ERICK BUKE as the Administrator of the Estate of

Precieux Buke Basulama, deceased, (herein afterward referred to as **"Plaintiffs"),** and file this

complaint for wrongful death and damages against Milestone Management TRS, LLC and

Landmark at Bella Vista, L.P. (herein afterward referred to as **"Defendants"),** jointly and

individually, and in support thereof show the Court the following:

1.

**PRELIMINARY STATEMENT**

This is an action filed by the Plaintiffs against the Defendants, individually and jointly,

for the wrongful death of their minor child, Precieux Buke Basulama, four (4) years of age, who

drowned on March 25, 2016 at the Landmark Bella Vista Apartment, Duluth, Georgia as a result

of the negligence and breach of duty of the Defendants due to their failure to maintain a

swimming pool located on the premises owned and managed by the Defendants in a safe

condition.

2.

## PARTIES, JURISDICTION AND VENUE

At all times relevant to this action, the Plaintiff Erick Buke was the father of Precieux

Buke Basulama, deceased and is the Administrator of his son's estate.

3.

At all times relevant to this action, the Plaintiff Micha Tuvengana was the mother of

Precieux Buke Basulama, deceased, and the wife of Plaintiff Erick Buke.

4.

The Defendant Milestone Management TRS, LLC is a foreign corporation authorized to

transact business within the State of Georgia for the purposes of providing management services

for various apartment complexes and other businesses. Prior to and on March 25, 2016, the

Defendant was doing business as the management company for Defendant, Landmark at Bella

Vista, L.P., who owned an apartment complex under the name of or doing business as Landmark

at Bella Vista, located at 4015 Satellite Boulevard, Duluth, Georgia 30096. At all material times

herein, Defendant Milestone Management TRS, LLC acted by and through its agents, servants,

and/or employees who in turn were acting within the course and/or scope of their employment.

Defendant Milestone Management TRS, LLC's principal place of business is located at 5429

LBJ Freeway, Suite 800, Dallas, Texas 75240. Defendant may be personally served with a copy

of this Complaint and Summons through its registered agent in Georgia, CT Corporation System, 1201 Peachtree Street, NE, Fulton County, Atlanta, Georgia 30361.

5.

Defendant Landmark at Bella Vista, L.P. LLC is a foreign corporation authorized to transact business within the State of Georgia for the purposes of owning, developing and leasing real property and for providing various services for apartment complexes and business.  Prior to and on March 25, 2016, the Defendant Landmark at Bella Vista, L.P. owned the apartment complex doing business as Landmark at Bella Vista, located at 4015 Satellite Boulevard, Duluth, Georgia 30096.  At all material times herein, Defendant Landmark at Bella Vista, L.P. LLC acted by and through its agents, servants, and/or employees who in turn were acting within the course and/or scope of their employment.  Defendant Landmark at Bella Vista, L.P. LLC's principal place of business is located at 592 W Putman Avenue, Greenwich, Connecticut 06830 Defendant may be personally served with a copy of this complaint and Summons through its registered agent in Georgia, CT Corporation System, 1201 Peachtree Street, NE, Fulton County, Atlanta, Georgia 30361.

Defendant Landmark at Bella Vista, L.P. LLC as the owner of Landmark at Bella Vista Apartments is named as a defendant to this action pursuant to O.C.G.A. § 44-7-14 as a joint tortfeasor as alleged and set forth below because of its failure as an owner to make or order the necessary repairs to its apartment units.

6.

Venue is proper in this Court in that the registered agents of both Defendants are located within Fulton County, Georgia. Therefore, this Court has proper jurisdiction over all matters herein in that the Superior Courts of Georgia and the State Courts of Georgia have concurrent

jurisdiction over civil cases and this Court has proper subject matter jurisdiction over this Complaint for Wrongful Death.

7.

**FACTS COMMON TO ALL COUNTS**

Prior to and on March 25, 2016, Precieux Buke Basulama resided with his parents and other siblings in an apartment leased by the Plaintiffs located at Landmark at Bella Vista, 4015 Satellite Boulevard, Duluth, Georgia 30096. Approximately 3:00 p.m. in the afternoon, Plaintiff Micha Tuvengana, the mother of Precieux Buke Basulama, deceased, was preparing and serving dinner for the family's two (2) children who were in the apartment. One of the children, who were seated at the kitchen table, were being fed by Plaintiff Micha Tuvengana, and Precieux Buke Basulama was in the living room of the apartment after completing his meal. He remained partially in the eyesight of his mother, Plaintiff Micha Tuvengana. However, during that time, Precieux Buke Basulama, in a playful manner, would leave the living room and the kitchen area as though he was playing a children's game of hide and seek with his mother. He would eventually return to the living room area within the eyesight of his mother, Plaintiff Micha Tuvengana. Plaintiff Erick Buke, the father of Precieux Buke Basulama, was at Stone Mountain Toyota and was not present in the apartment at that time.

At approximately 3:45 p.m., Taty Pankwa, the brother of Plaintiff Erick Buke, and the uncle of the family children, entered the apartment with other children for an afterschool visit. Shortly afterwards, Plaintiff Micha Tuvengana noticed that her son, Precieux Buke Basulama, was not in the living room or the kitchen area of the apartment. After making a diligent search of the apartment and not locating her son, Plaintiff Micha Tuvengana and Taty Pankwa exited the apartment and began a search of the outdoor premises.

After a period of time during the search, Taty Pankwa entered the area of the apartment complex where the children's playground and swimming pool were located adjacent to each other. As he entered the area "yelling" the name of his nephew, a resident of the apartment yelled to him to check the swimming pool because a child's body was floating in the water. As he approached the swimming pool, Taty Pankwa observed the child's body in the water and immediately jumped the fence to enter the swimming pool area. After entering the swimming pool area, he removed the child from the water. He immediately recognized the child as being his nephew, Precieux Buke Basulama.

After Taty Pankwa pulled his nephew from the water, he immediately began to administer CPR to him on the side of the pool. He also began to yell to several observers to call 911 for emergency assistance. Taty Pankwa continued to administer CPR to his nephew until several officers from the Gwinnett County Police arrived on the scene and entered the swimming pool area by jumping the fence. One of the officers immediately took control of administering CPR to Precieux Buke Basulama. Shortly thereafter, an EMS unit from the Gwinnett County Fire Department arrived on the scene and took charge of all efforts to revive Precieux Buke Basulama. After all efforts by the EMS unit of the Gwinnett County Fire Department failed to revive Precieux Buke Basulama, his body was transported by ambulance to Gwinnett County Medical Center. Shortly after his arrival at the Gwinnett Medical Center emergency room, it was reported by a member of the hospital staff that Precieux Buke Basulama died as a result of drowning.

While at the scene, several officers of the Gwinnett Police Department checked the area to determine how Precieux Buke Basulama, a young child, could have entered the swimming pool area in light of the fact that both gates to the swimming pool were locked with chains. One

of the officers reported that he checked the perimeter of the fence and discovered that there was a gap, where a stile was missing, in the gate facing west located next to the children's playground. The officer took pictures of the area and the west gate fence. The same officer proceeded to the apartment leasing office and reviewed a surveillance video and observed the maintenance personnel leaving the pool at 1554 hours (3:54 p.m.). The officer observed from the surveillance video that at 1603 hours (4:03 p.m.), the child was seen next to the pool, where he threw a book into the pool. He stated that the next time the child was seen on the video was when the uncle pulled him out of the water at 1622 hours (4:22 p.m.). Another officer on the scene stated he spoke with the apartment manager who stated that the pool maintenance person had left around 4:00 p.m. on the date of the incident and all gates were locked.

Following the incident, several witnesses, who reside at Landmark at Bella Vista, 4015 Satellite Boulevard, Duluth, Georgia 30096, stated that they observed that the missing stile in the gate facing west of the swimming pool had been missing for several months prior to the incident. They also stated that the west gate is adjacent to the children's playground.

The swimming pool was closed for the season and was not scheduled to open for the residents until later in the Spring of the year 2016; thus, there were no lifeguards present. In addition, there were no signs or safeguards which warned young children who could not read to stay out of the pool area.

On the date of the incident, Precieux Buke Basulama could not swim. He had never been instructed by his parents not to go near the playground or swimming pool area of the apartment complex.

Based on the police officer's investigation of the swimming of the pool area and that of an expert investigator, Precieux Buke Basulama, a young child, could not have entered the

of the officers reported that he checked the perimeter of the fence and discovered that there was a gap, where a stile was missing, in the gate facing west located next to the children's playground. The officer took pictures of the area and the west gate fence. The same officer proceeded to the apartment leasing office and reviewed a surveillance video and observed the maintenance personnel leaving the pool at 1554 hours (3:54 p.m.). The officer observed from the surveillance video that at 1603 hours (4:03 p.m.), the child was seen next to the pool, where he threw a book into the pool. He stated that the next time the child was seen on the video was when the uncle pulled him out of the water at 1622 hours (4:22 p.m.). Another officer on the scene stated he spoke with the apartment manager who stated that the pool maintenance person had left around 4:00 p.m. on the date of the incident and all gates were locked.

Following the incident, several witnesses, who reside at Landmark at Bella Vista, 4015 Satellite Boulevard, Duluth, Georgia 30096, stated that they observed that the missing stile in the gate facing west of the swimming pool had been missing for several months prior to the incident. They also stated that the west gate is adjacent to the children's playground.

The swimming pool was closed for the season and was not scheduled to open for the residents until later in the Spring of the year 2016; thus, there were no lifeguards present. In addition, there were no signs or safeguards which warned young children who could not read to stay out of the pool area.

On the date of the incident, Precieux Buke Basulama could not swim. He had never been instructed by his parents not to go near the playground or swimming pool area of the apartment complex.

Based on the police officer's investigation of the swimming of the pool area and that of an expert investigator, Precieux Buke Basulama, a young child, could not have entered the

swimming pool except for the gap in the missing stile at the west gate entrance located next to the playground.

## LIABILITY OF DEFENDANTS

### COUNT 1
### NEGLIGENCE

8.

Plaintiffs reallege and incorporate by reference as though fully set forth hereinafter paragraphs 1 through 7 of the Plaintiffs' Complaint as if restated herein.

9.

The Defendants breached their duty of care to the child of the Plaintiffs by failing to timely repair the stile on the west gate of the swimming pool located next to playground and were negligent per the reasons set forth below:

(1) The Defendants should have foreseen that small children who were residents or visitors of Landmark at Bella Vista Apartments would be attracted to and would attempt to enter the swimming pool area.  This is particularly true in light of the fact that the children's playground is adjacent to the west gate of the swimming pool, which had the missing stile that created a gap large enough for a small child to pass through to the swimming pool area;

(2)  The Defendants knew or should have known that their failure to repair or replace the missing stile in the west gate of the swimming pool involved an unreasonable risk of death to a child who could not swim;

(3) The Defendants knew or should have known that a young child, because of his or her youth, was not capable of realizing the risk involved in coming within the swimming area unescorted by an adult or lifeguard;

(4) The Defendants' expense or cost for replacing the missing stile in gate west was slight compared to the risk it imposed for the safety of young children; and

(5) The Defendants failed to exercise reasonable care to eliminate the danger by failing for months and on the day of the incident to properly inspect the west gate of the swimming pool, which contained the missing stile.

10.

As a direct and proximate result of the Defendants' negligence, the Plaintiffs are entitled to recover for the wrongful death of their son, Precieux Buke Basulama, in an amount to be proven by the evidence at trial.

## COUNT 2
## NEGLIGENCE PER SE

11.

Plaintiffs reallege and incorporate by reference as though fully set forth hereinafter paragraphs 1 through 10 of the Plaintiffs' Complaint as if restated herein.

12.

Due to the Defendants' failure to repair the stile at the west gate of the apartment's swimming pool at Landmark at Bella Vista, they were in violation of the Swimming Pool regulations adopted by Gwinnett County Commissioners, which were in effect on March 25, 2016.

(1) Section 14.3 of the Gwinnett County Swimming Pool Ordinance states that:

"An effective fence or barrier, not less than 4 feet high, shall be provided on the outer side of the walk area to prevent spectators in street attire from traversing the pool walk and prohibit access of unattended children and animals to the pool. There shall be no more than 4 inches of clearance between the bottom of the fence barrier and ground surface or pool deck. Any gate(s) shall be located at the shallow end of the pool and shall be self-closing and have a lockable self-latching device. Where pools serve special purposes, as therapeutic pools, waiver of this requirement may be acceptable."

(2) Section 3.2 (7) of the Gwinnett County Swimming Pool Ordinance states that "a

section of a required safety barrier being missing" is deemed to be a health safety

violation.

13.

Defendants' violation of Sections 14.3 and 3.2 (7) of the Gwinnett Swimming Pool

Ordinances were the sole and proximate cause of the death of the Plaintiffs' son.

14.

As a direct and proximate result of the Defendants' negligence, the Plaintiffs are entitled

to recover for the wrongful death of their son, Precieux Buke Basulama, in an amount to be

proven by the evidence at trial.

## COUNT 3
## RES IPSA LOQUITOR NEGLIGENCE

15.

Plaintiffs reallege and incorporate by reference as though fully set forth hereinafter

paragraphs 1 through 14 of the Plaintiffs' Complaint as if restated herein.

16.

Pursuant to the O.C.G.A. § 24-14-9, Defendants' negligence in this case can be presumed

to be negligence because:

(a) The drowning ordinarily would not have happened unless someone was negligent;

(b) The drowning was caused by something that only the defendants controlled; and

(c) Precieux Buke Basulama's voluntary actions did not cause or contribute to his

drowning because due to his young age, he was incapable of appreciating the inherent

danger the swimming pool presented.

17.

As a direct and proximate result of the Defendants' negligence, the Plaintiffs are entitled to recover for the wrongful death of their son, Precieux Buke Basulama, in an amount to be proven by the evidence at trial.

### COUNT 4
### ESTATE CLAIM

18.

Paragraphs 1 through 17 of Plaintiff's Complaint are hereby realleged and incorporated as through fully set out herein.

19.

Plaintiff Erick Buke as Administrator of the Estate of Precieux Buke Basulama brings this action to recover damages for medical and funeral expenses and for the pain and suffering of Precieux Buke Basulama as a result of Defendants' negligence.

20.

As a direct and proximate result of the Defendants' negligence, the Plaintiffs are entitled to recover the damages for the wrongful death of their son, Precieux Buke Basulama, in an amount to be proven by the evidence at trial.

### COUNT 5
### PUNITIVE DAMAGES

21.

Paragraphs 1 through 20 of Plaintiffs' Complaint are hereby realleged and incorporated as though fully set out herein.

22.

The Defendants knew or should have known by proper inspection that the stile bar to the west gate of the swimming pool was missing for a period of several months.  In addition, the Defendants' pool maintenance employee inspected the pool area on the day of and shortly before the drowning of Precieux Buke Basulama occurred. Furthermore, Landmark at Bella Vista's security cameras monitoring the swimming pool area should have shown that the west gate entrance had a missing stile, creating a gap through which a small child could enter the swimming pool area.

23.

The Defendants' action demonstrated willful and wanton misconduct, and an entire want of care, which raise the presumption of conscious indifference to consequences.  Thus, the Plaintiffs are entitled to an award of punitive damages against the Defendants, pursuant to O.C.G.A. § 51-12-5.1 in an amount to be proven at trial.

## COUNT 6
## RESPONDEAT SUPERIOR

24.

Paragraphs 1 through 23 of Plaintiffs' Complaint are hereby realleged and incorporated as though fully set out herein.

25.

Under the principle of respondeat superior, Defendants are liable for the negligent act and/or omission of their agents, servants, and/or employees for their negligent acts during the time frame alleged by the Plaintiffs because they represented themselves as employees and/or agents of the Defendants.

## APPARENT OR "OSTENSIBLE" AGENCY

26.

Under the agency theory, Defendants are liable for the negligent act and/or omission of their agents, servants, and/or employees for their negligent acts during the time frame alleged by the Plaintiffs because they represented themselves as employees and/or agents of the Defendants.

WHEREFORE, Plaintiffs pray:

(a)  That the Defendants be served as provided by law;

(b)  That judgment be entered in favor of the Plaintiffs against the Defendants, jointly and severally, in an amount in excess of $10,000.00 for the wrongful death of the Plaintiffs' son;

(c)  That the Plaintiff Eric Buke as the Administrator of the Estate of Precieux Buke Basulama be awarded medical and funeral expenses, and for the pain and suffering of Precieux Buke Basulama.

(d)  That Plaintiffs be awarded punitive damages against the Defendants jointly and severally;

(e)  That all cost be taxed against the Defendants, jointly and severally, including attorney's fees; and

(f)  That the Plaintiffs be granted all other relief as this Court deems just and proper.

This 31st day of August, 2016.

Kenneth Dious
State Bar No. 222650

KENNETH DIOUS & ASSOCIATES
115 Sycamore Drive
Athens, Georgia 30606
(706) 546-9013
kendiouslaw@bellsouth.net

**KENNETH DIOUS & ASSOCIATES**
115 Sycamore Drive
Athens, Georgia 30606
(706) 546-9013
kendiouslaw@bellsouth.net

Peggy L. Brown
State Bar No. 089118

**LAW OFFICES OF PEGGY L. BROWN, P.C.**
*Mailing Address*
P.O. Box 1206
Lawrenceville, GA  30046
678-225-0091
678-225-5087 (Facsimile)
*Office Location*
250 Langley Drive
Suite 1301
Lawrenceville, GA  30046
770-338-2026
770-338-2028 (Facsimile)
peggylbrownpc@yahoo.com